In the

# United States Court of Appeals

## For the Seventh Circuit

No. 02-3595

IN RE AR ACCESSORIES GROUP,
    INCORPORATED,

*Debtor.*

APPEAL OF: WISCONSIN DEPARTMENT OF
        WORKFORCE DEVELOPMENT,

*Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 01 C 944—**Rudolph T. Randa**, *Chief Judge.*

ARGUED MAY 22, 2003—SEPTEMBER 22, 2003

Before BAUER, KANNE, and ROVNER, *Circuit Judges.*

BAUER, *Circuit Judge.* This interlocutory appeal from
a district court decision reversing an opinion of the bank-
ruptcy court requires us to decide whether a generally
applicable state law providing for the superpriority status
of certain wage liens must contain language expressly
providing for retroactive perfection of the lien interest in
order to trigger an exception to the automatic stay provi-
sion of the Bankruptcy Code. Because we agree with the
bankruptcy court's determination that the state statute
need not contain such language, we reverse the decision of
the district court holding otherwise, and remand the case
with instructions that the district court affirm the deci-
sion of the bankruptcy court.

**BACKGROUND**

After AR Accessories, Inc. ("Debtor"), formerly a distributor and vendor of leather products in Wisconsin, filed a bankruptcy petition in March 1998, the auction proceeds of its liquidated assets totaled approximately $23,000,000. All of Debtor's roughly 300 employees had been laid off by May 1998. In June 1998, the Wisconsin Department of Workforce Development ("Department") filed a petition for a wage earner's lien pursuant to Wisconsin law on behalf of Debtor's former employees seeking to recover unpaid vacation and severance pay in the amount of $5,270,000.

Appellee Scott Peltz eventually joined Appellee Bank One, N.A., as a plaintiff in an adversarial complaint filed against the Department in the bankruptcy court.[1] Bank One, N.A., and Peltz (collectively, "Appellees") alleged, inter alia, that the Department's wage lien violated a provision of the automatic stay provision of the Bankruptcy Code, which creates a statutory injunction—and a private right of action for violations thereof—against debt-collection efforts outside of the bankruptcy proceedings. *See* 11 U.S.C. § 362(a). Appellees claimed that the wage lien was void *ab initio* because it was created after Debtor had filed its petition for bankruptcy.

The Department responded that the wage lien fit within an exception to the automatic stay provision that makes the stay inapplicable to "any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are . . . *subject to any generally applicable law* that permits

---

[1] Peltz is the named trustee of the AR Accessories Group, Inc. Liquidating Trust, successor-in-interest to Debtor in these proceedings. Bank One, N.A., f/k/a Bank One, Wisconsin, a creditor of Debtor, initially filed the complaint on its own behalf and as agent for First Bank Milwaukee, N.A., and Harris Bank, also creditors.

perfection of an interest in property to be effective against an entity that acquires rights in such property *before the date of perfection.*" 11 U.S.C. §§ 362(b)(3) & 546(b)(1)(A) (emphasis added). The wage lien, in turn, was created pursuant, in relevant part, to the following Wisconsin statutory provisions:

> The [D]epartment . . . shall have a lien upon all property of the employer, real or personal, located in this state for the full amount of any wage claim or wage deficiency. A lien under this subsection takes effect when the [D]epartment . . . file[s] a verified petition claiming the lien with the clerk of the circuit court of the county in which the services or some part of the services were performed [and duly serves notice thereof upon the employer] . . . within 2 years after the date that the wages were due. . . . The lien shall take precedence over all other debts, judgments, decrees, liens or mortgages against the employer [subject to certain enumerated exceptions inapplicable to these facts].

Wis. Stat. § 109.02(2).[2] Because the Wisconsin statute was a generally applicable law, the Department maintained, it created and perfected a valid lien having superpriority over the interests of Bank One and other creditors pursuant to the Bankruptcy Code's exception to the automatic stay provision.

In reply, Appellees argued that the Wisconsin statute did not trigger the exception provision because it contained no language expressly providing for retroactive perfection (thereby relating the lien interest back to a prepetition date), as required under 11 U.S.C. §§ 362(b)(3) & 546(b)(1)(A).

---

[2] The Wisconsin wage lien statute has been amended variously since its adoption in 1975. We refer here and throughout to the version in effect at the time of the decision of bankruptcy court.

The parties filed cross motions for partial summary judgment on this and other claims unrelated to our disposition of the matter on appeal. The bankruptcy court held that 11 U.S.C. § 546(b)(1)(A) did not require that a priming statute, in this case the Wisconsin statute, expressly provide for retroactive perfection in order to trigger the exception to the automatic stay provision, and granted partial summary judgment in favor of the Department on this claim.

Appellees subsequently filed an interlocutory appeal challenging the bankruptcy court's determination that 11 U.S.C. § 546(b)(1)(A) did not require a priming statute to contain such express provision for retroactive perfection. They argued, in the alternative, that the Department held no prepetition interest in the property as required under 11 U.S.C. § 546(b)(1)(A). Finding that the language of 11 U.S.C. § 546(b)(1)(A) was ambiguous, and relying therefore on that provision's legislative history, the district court concluded that it was intended "to apply only to statutory liens which allow perfection to 'relate back' to a specific date, as opposed to those which are merely afforded 'superpriority' status."[3] Based on this finding, the district court (i) reversed the portion of the bankruptcy court's decision holding that Department's actions to perfect the wage lien did not violate the automatic stay, (ii) vacated its grant of partial summary judgment on the issue, and (iii) granted partial summary judgment in favor of Appellees.

This appeal ensued.

---

[3] Because the court found for the Department on the issue of retroactive perfection language, it did not reach the issue of the whether the Department held a prepetition interest in the property.

**ANALYSIS**

We review the grants of summary judgment of both the district court and the bankruptcy court de novo. *See, e.g.*, *Hoseman v. Weinschneider*, 322 F.3d 468, 473 (7th Cir. 2003).

Whether 11 U.S.C. § 546(b)(1)(A) requires the Wisconsin statute to provide expressly for retroactive perfection of the lien interest turns on a construction of the following language:

> The rights and powers of a trustee . . . are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection.

(11 U.S.C. § 546(b)(1)(A)). The district court found this provision to be ambiguous, insofar as the phrase "before the date of perfection" might modify the language "any entity that acquires rights in such property"—in which case perfected interest takes effect (with superpriority) when it is perfected because any other property interest acquired pre-perfection is subject to the perfected interest—or it might modify the language "permits perfection of an interest in property to be effective"—in which case the exception might be constructed to apply only to laws containing explicit "relation back" language, because the effectiveness of the perfected interest would be independent of the event of any entity acquiring rights in the property and would thus require the priming statute to specify an independent effective date.

We find no such ambiguity in the text of the statute. The phrase "before the date of perfection" appears in immediate proximity to the language, "any entity that acquires rights in such property," which language *separates* "before the date of perfection" from "permits perfection of an interest in property to be effective." We

therefore find that the text of the statute unambiguously expresses the former of the two meanings considered by the district court. Had Congress intended otherwise, we presume that it would have drafted the provision such that any alternative meaning might be discerned without resort to the syntactic strain entertained by the district court and urged by Appellees. Accordingly, we hold that a priming statute need not contain language expressly providing for retroactive perfection in order to trigger the exception provided in 11 U.S.C. § 546(b)(1)(A) to the automatic stay of postpetition efforts to perfect a property interest. The Wisconsin statute therefore fits within the automatic stay exception, and the Department's lien does not violate the automatic stay provision.

Appellees urge this court to affirm the decision of the district court on the alternative grounds, not considered by the district court, that the Department held no prepetition lien interest, as 11 U.S.C. § 546(b)(1)(A) requires. In other words, the Department's postpetition perfection of the wage lien is meaningless, because the Department had no interest in the unpaid wages of Debtor employees prior to Debtor's filing of the bankruptcy petition. The lien interest did not exist, they contend, until the Department filed and served notice of the lien petition on Debtor. The bankruptcy court rejected this argument, finding instead that the lien interest was created when the last services were performed for which wages are unpaid and owing.

Specifically, the bankruptcy court noted that certain amendments made in 1993 to the Wisconsin law governing wage liens—including the deletion of language providing that a lien interest exists "as of the last date on which services were performed for the employer and for which wages are due and owing"—were intended to provide procedures for perfection and enforcement, rather than creation, of the lien. In support of this assertion, the bankruptcy court cited portions of a letter written by the

then general counsel to the Department explaining that, "[t]hese changes are intended to do no more than allow wage lien claims to go forward as any other lien claim does." The bankruptcy court relied further on the conclusion of the Wisconsin Court of Appeals that "the amendment simply added an enforcement mechanism to a previously established right, thus producing a *procedural* change." *Pfister v. Milwaukee Econ. Dev. Corp.*, 576 N.W.2d 554, 558 (Wis. App. 1998). We agree with the bankruptcy court that the 1993 amendment does not substantively alter the statute to change the effective date of a wage lien interest from the time that the last unpaid services are performed to the time of the filing of the lien petition.[4] Neither party disputes that unpaid prepetition wages are due in this case. We therefore decline Appellee's invitation to affirm the decision of the district court on grounds properly rejected by the bankruptcy court.

## CONCLUSION

For the foregoing reasons, we REVERSE the decision of the district court and REMAND the case with instructions to affirm the bankruptcy court's grant of partial summary judgment in favor of the Department on the foregoing issues.

---

[4] This conclusion is also consistent with Department's role as protector and enforcer of the rights of workers in Wisconsin. Once an employee provides services to an employer, he is entitled to wages in return. The wage lien is thus a mechanism for the Department's enforcement of a preexisting right on behalf of the employee. The filing of the wage lien petition puts the employer and others on notice of the existence of a claim to the employer's property in exchange for unpaid services. It does not, however, create any new interest within the meaning of 11 U.S.C. § 546(b).

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*