# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 05-3738

IN RE:

GLOBE BUILDING MATERIALS, INCORPORATED,

*Debtor.*

APPEAL OF:

STATE OF WISCONSIN AND PEGGY LAUTENSCHLAGER

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 04 C 481—**Rudy Lozano**, *Judge.*

ARGUED MAY 10, 2006—DECIDED SEPTEMBER 8, 2006

Before FLAUM, *Chief Judge*, and BAUER and EVANS, *Circuit Judges*.

BAUER, *Circuit Judge.* After an unsuccessful attempt to restructure, Globe Building Materials, Incorporated (Globe) was liquidated under Chapter 7 of the Bankruptcy Code. Peggy Lautenschlager, the Attorney General for the State of Wisconsin, sought to recover wages owed to former Globe employees in her state through a statutory lien. The trustee brought this adversary proceeding, and argued that the lien was avoidable under 11 U.S.C. § 545(2). Both the bankruptcy and district courts found for the trustee. We affirm.

The facts of this case are not in dispute. On January 19, 2001, Globe filed a voluntary petition for relief under

Chapter 11 of the Bankruptcy Code. Before ceasing operations, Globe manufactured, sold, and distributed residential roofing materials. The company's primary assets consisted of three manufacturing plants (one located in Wisconsin), machinery, equipment, inventory, and receivables. On April 4, 2001, the case was converted to Chapter 7, and Gordon E. Gouveia was appointed Trustee for the Debtor's estate.

On or about July 24, 2001, the State of Wisconsin's (the State) Department of Workforce Development filed a Notice of Lien with the State Department of Financial Institutions and the Office of the Chippewa Wisconsin County Clerk. The State asserted a wage lien under Wis. Stat. 109.09(2) against all real and personal property then owned or thereafter acquired by Globe within its boundaries. The lien was properly perfected by its filing.

Around February 22, 2002, the bankruptcy court approved the trustee's sale of Globe's Wisconsin manufacturing facility. The proceeds of the sale were paid to the trustee. On the basis of Wis. Stat. 109.09, the State claimed a first priority lien on the net sale proceeds. On January 17, 2003, the trustee brought this adversary proceeding to set aside the wage lien.

On September 13, 2004, the bankruptcy court found that there was no genuine issue of material fact and granted summary judgment to the trustee. The bankruptcy court held that 11 U.S.C. § 545(2) allowed the trustee to avoid the wage lien because Wis. Stat. 109.09 delineates the conditions under which the lien takes precedence, and the statutory language does not account for the trustee's hypothetical bona fide purchaser status. The district court affirmed, and this appeal followed. Both parties agree that this discrete legal issue represents the entirety of the case.

We review the decisions of the bankruptcy and district court to grant summary judgment on this matter *de novo*.

*In re AR Accessories Group, Inc.*, 345 F.3d 454, 457 (7th Cir. 2003).

Whether 11 U.S.C. § 545(2) allows the trustee to avoid the State's wage lien turns on the construction and interaction of three separate statutory sections. Sections 545 and 546 of the Bankruptcy Code set forth the extent of the trustee's power to avoid statutory liens. The relevant language of § 545(2) provides:

> The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—
>
> . . .
>
> (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists.

But this power is not absolute, 11 U.S.C. § 546 states, in relevant part:

> (b)(1) The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that—
>
> (A) permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection[.]

The question before us, then, is whether Wis. Stat. 109.09 is such a "generally applicable law," and if so, how is it applied? The statutory language provides that:

> (1) The department shall investigate and attempt equitably to adjust controversies between employers and employees as to alleged wage claims . . . .
>
> (2)(a) The department of workforce development, under its authority under sub. (1) to maintain actions for the

benefit of employees, or an employee who brings an action under s. 109.03 (5) shall have a lien upon all property of the employer, real or personal, located in this state for the full amount of any wage claim or wage deficiency.

. . .

(c) A lien under par. (a) takes precedence over all other *debts, judgments, decrees, liens or mortgages against the employer, except a lien of a financial institution*, as defined in s. 69.30(1)(b), that originates before the lien under par. (a) takes effect or a lien under s. 292.31(8)(I) or 292.81 . . . .

(Emphasis added.)

At the outset, we must dispose of the State's preliminary argument that the absence of an actual bona fide purchaser has some bearing on this matter. The express purpose of the § 545(2) language is not to affirm the rights of an actual bona fide purchaser, but to vest the trustee with those rights were such an entity to exist. This is a simple, but possibly deceptive, statutory mechanism designed to access a legal concept without establishing the traditional elements necessary to do so. The trustee's hypothetical status is therefore of no dispositive value to our analysis.

Turning back to the interaction of these three statutory subsections, we consider first the State's argument. The Attorney General submits that Wisconsin's wage lien statute "[meets] the requirements" of § 546(b)(1)(A), and thus completely forecloses all of the trustee's powers under §§ 544, 545, and 549, specifically those as a bona fide purchaser. To support this claim, the State relies heavily on our holding in *AR Accessories*, 345 F.3d at 454.

In *AR Accessories*, we addressed the initial question of whether a Wis. Stat. 109.09 wage lien was void *ab initio* when created after the debtor had filed its petition for

bankruptcy. 345 F.3d at 456. We held that a priming statute, such as 109.09, "need not contain language expressly providing for retroactive perfection in order to trigger the exception provided in 11 U.S.C. § 546(b)(1)(A) to the automatic stay of postpetition efforts to protect a property interest." *Id*. at 458. Thus, the wage lien did not violate the Bankruptcy Code's automatic stay, and was generally valid. Additionally, in rejecting an alternative argument, we noted that the Wis. Stat. 109.09 lien interest was created when the last services were rendered for which wages went unpaid. *Id*. at 459. We agreed with the bankruptcy court that the Department's filing did not create a new interest under § 546(b), it merely put other claimants on notice of the pre-existing claim. But this analysis was the extent of our Wis. Stat. 109.09 review. *AR Accessories* did not address, as we do today, the internal operation of the Wisconsin statute and its interaction with the various powers of the trustee. This is because the debtor there did not assert that the wage lien could have been avoided under §§ 544 or 545, a legal question distinct from whether the lien's prescribed operation was generally void. The challenge in *AR Accessories* was primarily facial, and, as such, our review was, too.

Despite having acknowledged these legal and factual differences, the State argues here that our analysis in *AR Accessories* informs and controls the instant matter. This argument turns on a broad interpretation of the § 546(b)(1) language that subjects the trustee's power to "any generally applicable law. . . ." Specifically, the State claims that because we held Wis. Stat. 109.09 generally applies under § 546(b)(1)(A), the wage lien automatically forecloses all of the trustee's powers under §§ 544, 545, and 549. But this interpretation reads § 546(b)(1)(A) as if the wage lien itself was the direct object of the "subject to" language, and turns a blind eye to the internal structure of Wis. Stat. 109.09.

In drafting §§ 545(2) and 546(b)(1)(A) as it did, Congress largely left the avoidability of statutory liens to state law. *See Stanford v. Butler (In re Stanford)*, 826 F.2d 353, 355-56 (5th Cir. 1987). Where the applicable state statute permits the lien in question to defeat the rights of a bona fide purchaser, the Bankruptcy Code will adopt that state policy choice and grant secured status to the lien. *Limperis v. First Nat'l Bank of Geneva (In re Phillips Constr. Co., Inc.)*, 579 F.2d 431, 432 (7th Cir. 1978). Further, where the state law denies enforcement of a statutory lien against a bona fide purchaser, the lien is avoidable pursuant to § 545(2). *See El Paso v. Am. W. Airlines, Inc. (In re Am. W. Airlines, Inc.)*, 217 F.3d 1161, 1164 (9th Cir. 2000); *City of Boerne v. Boerne Hills Leasing Corp. (In re Boerne Hills Leasing Corp.)*, 15 F.3d 57, 59 (5th Cir. 1994). We must, therefore, examine Wis. Stat. 109.09 to determine if the Wisconsin legislature intended for the wage lien to defeat the rights of a bona fide purchaser.

Our analysis of the wage lien statute's interaction with § 546 is a two-step process, and tracks the analysis conducted by both the bankruptcy and district courts.

> First, is the statutory lien protected under nonbankruptcy law against . . . a bona fide purchaser under Code § 545 . . . arising as of the date of the filing of the bankruptcy petition? If the answer is "yes," the analysis need proceed no further. Unless avoided as a disguised priority or a landlord's lien under Code § 545, the statutory lien is valid in bankruptcy . . . . If the answer to . . . this first question is "no," then a second question must be asked. Under applicable nonbankruptcy law, does there remain a procedure by which the statutory lien claimant can still perfect the lien as against . . . bona fide purchasers whose interest arose as of the date of bankruptcy? If such a procedure exists and applies to the type of claimant against whom the statutory lien

was not previously protected, the holder of the statutory lien may still protect his interest.

2 WILLIAM L. NORTON, JR., NORTON BANKRUPTCY LAW & PRACTICE 2d § 55:3 (2003).

Upon subjecting Wis. Stat. 109.09 to this analysis, we hold that the State's argument fails. The express statutory language states that the lien "takes precedence over all other debts, judgments, decrees, liens or mortgages against the employer, except a lien of a financial institution . . . ." Wis. Stat. 109.09(1)(c). The bona fide purchaser is conspicuously absent from this list. By specifying with such precision the claims over which the lien takes precedence, the Wisconsin legislature implicitly established the outer boundaries of Wis. Stat. 109.09. This is a straightforward application of the concept *expressio unius est exlusio alterius*, "to express or include the one thing implies the exclusion of the other . . . ." BLACK'S LAW DICTIONARY 620 (8th ed. 2004); *see also Dersch Energies, Inc. v. Shell Oil Co.*, 314 F.3d 846, 861 (7th Cir. 2002) (citing *Freightliner Corp. v. Myrick*, 514 U.S. 280, 288 (1995). In interpreting the statute we will not invent missing language. *In re Kmart Corp.*, 359 F.3d 866, 869 (7th Cir. 2004).

The State, however, argues that because the lien interest was created on the last date unpaid services were rendered, it defeats a bona fide purchaser under nonbankruptcy law. Again, its sole support for this argument is our reasoning in *AR Accessories*. But as we noted above, the ultimate issue before this court in *AR Accessories* was whether Wis. Stat. 109.09 violated the Bankruptcy Code's automatic stay. Our adoption of the statute's implied retroactive perfection was limited to that single legal question. We did not, as we have today, examine the specific workings of the statute itself. And nothing within Wis. Stat. 109.09 expressly provides for the wage lien's retroactive perfection or makes it enforceable against the rights of a bona fide purchaser under § 545(2).

Should the State feel this holding does not reflect their intended meaning of Wis. Stat. 109.09, the legislature need only amend the statutory language to provide for the lien's express precedence over the rights of bona fide purchasers in addition to "all other debts, judgments, decrees, liens, or mortgages . . . ."

For the abovementioned reasons, the decision of the district court is AFFIRMED.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*