In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 06-3396

IN RE:

AVIE E. COHEN,

*Debtor.*

FISCHER INVESTMENT CAPITAL, INC.,

*Plaintiff-Appellant,*

*v.*

AVIE E. COHEN,

*Defendant-Appellee.*

---

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 C 3190—**James F. Holderman**, *Chief Judge.*

---

ARGUED FEBRUARY 12, 2007—DECIDED NOVEMBER 9, 2007

---

Before KANNE, ROVNER and SYKES, *Circuit Judges.*

ROVNER, *Circuit Judge.* In March 2000, Fischer Invest-
ment Capital, Inc. ("Fischer") loaned $207,000 to Avie
Cohen and his company, The Joblotter Inc. ("Joblotter").
The loan was secured by, among other things, Joblotter's
accounts receivable. When Cohen failed to timely repay
the debt, Fischer sued and won a default judgment
against Cohen in state court. But before Fischer could
enforce the judgment, Cohen declared bankruptcy. Fischer
filed an adversary complaint in the bankruptcy court

alleging that the list of Joblotter's accounts receivable was false and misleading, that it fraudulently induced Fischer to make the loan, and that as a result, Cohen's debt to Fischer was not dischargable. The bankruptcy court granted summary judgment to Cohen, ruling that there was no evidence that the list of accounts receivable was materially false or misleading, or that Cohen had an intent to defraud Fischer. The district court affirmed. Our jurisdiction arises under 28 U.S.C. § 1291 and we now affirm as well.

## I.

Avie Cohen was in the business of liquidating inventory. He and Holly Borchert operated Joblotter out of their home. Through their business, they bought, sold, and brokered transactions in obsolete, damaged, and overstocked goods. In March 2000, Joblotter needed operating capital and approached Fischer for a loan. Fischer asked Joblotter to supply a list of accounts receivable to support the loan application and Borchert provided Fischer with such a list.

The list of accounts receivable was a three-page long hand-written document that purported to show Joblotter's accounts receivable at various times in March 2000. The first page, dated March 9, 2000, showed Joblotter had receivables totaling $110,409.13. The second page, dated March 23, 2000, is captioned in large letters "Approx. Acct.'s Receivable" [sic] and shows receivables of $104,854.40. The third page is titled "2000 Invoices" and has no total, but we calculate it as $96,021.81. Some of the entries on the first two pages, totaling about $26,000 in receivables, do not have invoice numbers assigned to them. Borchert testified that those receivables without invoice numbers were "just hopeful" but that she believed the list to be accurate at the time she gave it to

Fischer. Cohen testified that he did not participate in the preparation or presentation of the list.

On March 23, 2007, Fischer loaned $207,000 to Joblotter. Cohen signed a promissory note and security agreement that provided that the loan was to be secured by collateral including "all . . . accounts receivable . . . whether now existing or hereafter arising or acquired." Fischer's president testified that absent the list of accounts receivable, Fischer would not have made the loan.

Joblotter and Cohen were both responsible for repayment of the loan, and both defaulted on it. Fischer sued them in Illinois state court for breach of the promissory note and security agreement. The state court entered a default judgment in favor of Fischer for over half a million dollars. But Fischer never colleted its default judgment because shortly after Fischer began collection proceedings, Cohen filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

Fischer responded with a timely adversary complaint in the bankruptcy court alleging that Cohen's debt was not dischargable under 11 U.S.C. § 523(a)(2)(B) because Joblotter's list of accounts receivable was false and misleading, and fraudulently induced Fischer to make the loan. The bankruptcy court granted summary judgment to Cohen, holding that Fischer had failed to produce any evidence to support two of the requirements for non-dischargability: material falsity, *see* § 523(a)(2)(B)(i), and intent to deceive, *see* § 523(a)(2)(B)(iv).

## II.

We review the bankruptcy court's grant of summary judgment *de novo*, meaning that we will affirm only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.

*See In re Globe Bldg. Materials, Inc.*, 463 F.3d 631, 632 (7th Cir. 2006). The bankruptcy code provides an exception to the general rule of discharge in bankruptcy if, in certain circumstances, the debtor obtained money, property, services, or credit through the use of false written statements. 11 U.S.C. § 523(a)(2)(B). The statute provides, in relevant part, that the falsehood must be material and deliberate:

> "(a) A discharge . . . does not discharge an individual debtor from any debt . . . (2) for money . . . to the extent obtained by . . . (B) use of a statement in writing—
>
> (i) that is materially false;
>
> (ii) respecting the debtor's or an insider's financial condition;
>
> (iii) on which the creditor to whom the debtor is liable for such money . . . reasonably relied; and
>
> (iv) that the debtor caused to be made or published with intent to deceive

11 U.S.C. § 523(a)(2)(B). Thus, to prevail on a claim under this section, the creditor must prove that the debtor made a materially false written statement about his financial condition with the intent to deceive, and that the creditor reasonably relied on the statement. *In re Sheridan*, 57 F.3d 627, 633 (7th Cir. 1995). Because we apply a presumption in favor of discharge in bankruptcy, the creditor bears the burden to demonstrate by a preponderance of the evidence that the exception applies. *In re Morris*, 223 F.3d 548, 552 (7th Cir. 2000). To stave off summary judgment, once the moving party has claimed an absence of evidence supporting an element of the non-moving party's case, the non-movant must point to facts in the record showing there is a genuine issue for trial. *Scaife v. Cook County*, 446 F.3d 735, 739 (7th Cir. 2006). Mere speculation is insufficient to defeat a motion for

summary judgment. *Chicago Dist. Council of Carpenters Pension Fund v. Reinke Insulation Co.*, 464 F.3d 651, 659 n.4 (7th Cir. 2006).

**A.**

Fischer's first argument is that the listed accounts receivable were materially false because Borchert described some of them as "hopeful." But Fischer points to nothing in the record to suggest that any of these accounts receivable, even if merely "hopeful" rather than definite, lacked a basis in fact. Indeed, Fischer's president conceded that he did not know (despite bearing the burden of proof) whether any of the "hopeful" items were not "real receivables" or were never collected. And of course the fact that the debt was not repaid proves only that the promissory note and security agreement was breached, not that the unpaid debt is exempt from discharge in bankruptcy.

Fischer's fall-back position is that many of the entries on the list of accounts receivable were much larger (between $1,500 and $35,000) than Joblotter's "typical" receivables (between $200 and $2,000), and that therefore the list must have been materially false. But even if we accept that some entries on the list were not typical of Joblotter's general receivables, that alone does not suggest that those entries were false, let alone materially so. Accordingly, the bankruptcy judge's determination that Fischer failed to carry its burden of proof with regard to the alleged material falsity of the list of accounts receivable is correct.

**B.**

Fischer next argues that the bankruptcy and district courts erred in concluding that Fischer failed to supply

evidence that Cohen had an intent to deceive. In support of its contention, Fischer offers a litany of incidents bearing on Cohen's character. For instance, Cohen offered conflicting testimony on the whereabouts of his Rolex watch, particular antiques, and certain automobile memorabilia. Cohen also testified at various times that he does not work, that he occasionally works, and that he works several times a week. Additionally, Cohen stated in his bankruptcy petition that he received no income from employment or operation of his business in 2004, but in a deposition stated that he received compensation for "job-lotting" services in the same year. Finally, Fischer notes that Cohen was convicted of a felony about 20 years ago for his role in connection with an insurance fraud scheme.

All of this may suggest that Cohen has been dishonest at times. But it was Borchert who prepared the list and presented it to Fischer. Thus, even if there were inaccuracies in that list, and even if the evidence of Cohen's other dishonest acts were admissible under Federal Rules of Evidence 404(b) and 609(b), there is still no basis for attributing to Cohen any inaccuracies in Borchert's list. One may speculate that Cohen instructed Borchert to falsify the list, or that Borchert falsified it and told Cohen as much. But of course speculation is not evidence. And further, when he was presented with the list, Cohen said he did not recognize it and denied knowing whether it was given to Fischer. Accordingly, even if the list was fraudulently prepared by Borchert, there is no evidence that Cohen knew that to be the case.

Fischer argues that Borchert's preparation of the list is irrelevant because Cohen "adopted and used" the list as his own. The parties do not dispute that Cohen adopted the list, but Fischer has forfeited the argument that Cohen's adoption of the list necessarily requires a finding that he intended to deceive Fischer. The argument was not raised

in Fischer's response to Cohen's motion for summary judgment before the bankruptcy court, nor was it raised in Fischer's appellate brief before the district court. The first time Fischer raised this argument, albeit obliquely, was in his reply brief in the district court, and this, of course, was too late. Arguments not raised in the bankruptcy court are forfeited on appeal. *See In re Image Worldwide, Ltd.*, 139 F.3d 574, 582 (7th Cir. 1998). In any event, the argument is of no weight because there is no evidence that Borchert created the list with an intent to deceive Fischer; there was nothing deceitful for Cohen to "adopt" for himself.

### III.

For the reasons stated above, the judgment of the district court is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*